

13 CIV 270

JUDGE BUCHWAL[D]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INFOSYS LIMITED ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | 13cv270-NRB-ECF CASE |
| ) | DEMAND FOR JURY TRIAL |
| INFOSYS TECHNOLOGY, INC ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff Infosys Limited ("Plaintiff" or "Infosys") brings this complaint for federal trademark infringement, unfair competition, cybersquatting, deceptive trade practices, and false advertising against Infosys Technology Inc ("Defendant"). Infosys alleges as follows, upon actual knowledge as to itself, and upon information and belief as to all other matters.

## NATURE OF ACTION

1. This is an action for trademark infringement, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, deceptive trade practices and false advertising under N.Y. Gen. Bus. Law §§ 349-350, and unfair competition under the common law of New York. Infosys seeks equitable relief and damages for Defendant's infringing use of the mark and name INFOSYS to identify and promote consulting and information technologies services in willful violation of Infosys' trademark and trade name rights.

## PARTIES

2. Plaintiff Infosys is a corporation organized under the laws of India with a principal place of business at Plot No. 44, Electronics City, Hosur Road, Bangalore 560 100, India, and business locations throughout the United States, including in this District.

3. Upon information and belief, Defendant Infosys Technology Inc is a domestic business corporation organized under the laws of New York, with a principal place of business at 275 Madison Avenue, 14th Floor, New York, New York 10016.

## JURISDICTION AND VENUE

4. This is an action under the federal Trademark Act, 15 U.S.C. 1051, *et seq*., and under the statutory and common law of the State of New York, including N.Y. Gen. Bus. Law §§ 349-350. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the matter is between a citizen of a state and a citizen of a foreign state and the amount of controversy exceeds $75,000, exclusive of interest and costs. Additionally, the Court has supplemental jurisdiction over Infosys' state-law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is doing business in this District under the infringing trademark giving rise to Infosys' claims, Defendant offers services under the infringing trademark to customers located in this District, Defendant is registered to do business in this District, and Infosys is being harmed in this District.

## INFOSYS AND ITS TRADEMARKS

6. Infosys is a world leader in information technology and consulting products and services with offices in over thirty countries throughout the world, including the United States.

7. Founded in 1981, Infosys has developed a customer base of nearly 700 clients worldwide, including a substantial number of large global corporations, including P&G, Nordstrom, Kraft Foods, and Volkswagen.

8. Infosys provides a wide range of business consulting, information technology and outsourcing, and software engineering services and products throughout the world, including in the United States.  These product and service offerings include computer and information technology consultation services, business management consulting, information technology outsourcing, and software engineering, design, integration, and consulting.

9. In the last year alone, Infosys' worldwide revenues from its products and services nearly topped $7 billion.

10. Infosys has continuously used the INFOSYS mark and name in the United States since at least as early as 1981.  For decades, Plaintiff operated under the name "Infosys Technologies Limited."  In September 2011, Plaintiff underwent a corporate name change to "Infosys Limited."

11. Infosys owns U.S. Trademark Registration No. 1809733 for the mark INFOSYS covering "computer consultation services and custom design of computer software."  True and correct copies of printouts from the United States Patent and Trademark Office database showing the current ownership and status of this registration are attached as Exhibit A.

12. Infosys also owns U.S. Trademark Registration No. 3170377 for the mark INFOSYS, covering "business consulting services related to information technology, systems management and integration, product development and support, and software engineering; outsourcing services in the field information technology, systems management and integration, product development and support, and software engineering; business process engineering

services; installation, maintenance and repair of computer hardware systems; electronic storage of data for others; computer consulting services; computer software design and development services for others; computer services, namely creating and maintaining websites for others; installation, maintenance and updating of computer software; technical support services, namely, troubleshooting of computer hardware and software problems in person, via telephone and via electronic and optical communications networks; integration of computer systems and networks." True and correct copies of printouts from the United States Patent and Trademark Office database showing the current ownership and status of this registration are attached as Exhibit B.

13.     The above federal trademark registrations are valid and subsisting and are prima facie evidence of Infosys' ownership and the validity of the INFOSYS mark and of Infosys' exclusive right to use that mark for the identified services.  Moreover, Registration No. 1809733 is incontestable, and thus constitutes conclusive evidence of Infosys' exclusive right to use the INFOSYS mark for the identified services pursuant to 15 U.S.C. §§ 1065 and 1115(b).

14.     Infosys owns the domain name infosys.com, which it has used for many years to promote its various products and services described above.

15.     Infosys has devoted many millions of dollars over the years to promote and advertise its INFOSYS products and services in publications such as *Forbes*, *Bloomberg Business Week*, and *Newsweek*.

16.     Infosys has established considerable goodwill and recognition, and valuable trademark and trade name rights in its INFOSYS mark and name, by virtue of its long use of the mark and name, its substantial promotional and marketing efforts, and strong sales and revenues of products and services offered under the INFOSYS mark and name.  The INFOSYS mark and

name is and has long been widely recognized in connection with a broad range of products and services offered and provided by Infosys.

## DEFENDANT AND ITS UNLAWFUL ACTS

17. Defendant uses the mark and name INFOSYS TECHNOLOGY to promote and sell its services, including information technology consulting, application and electronic data interchange development, enterprise resource planning, system integration and testing, database management, data warehousing, IT infrastructure solutions, and IT outsourcing—the very same services as Plaintiff Infosys.

18. According to New York state records, Infosys Technology Inc was incorporated in New York on September 2, 2009.

19. Defendant advertises, promotes, and sells its services to customers under the INFOSYS TECHNOLOGY mark and name, in an attempt to unlawfully and unfairly direct customers and business from Plaintiff to Defendant by creating confusion over the INFOSYS mark and name.

20. Defendant registered the domain name infosystechnologyinc.com on October 10, 2009, and has used that domain name to advertise and promote its services online. A cached copy of Defendant's web page at www.infosystechnologyinc.com dated February 1, 2011, as retrieved from the Internet Archive (www.archive.org), is attached as Exhibit C.

21. At some point after February 1, 2011, Defendant began systematically redirecting website traffic from its www.infosystechnologyinc.com address to Plaintiff'`s website at www.infosys.com using URL forwarding and/or other methods, without providing website visitors any indication that it was doing so.  This website redirection continued until approximately November 2012 when Plaintiff learned of and blocked the website redirection.

Defendant's actions sought to pass its services off as originating from Infosys, lend credibility to Defendant's business activities, and create the false impression that Defendant and its services are those of Infosys or are otherwise connected to, endorsed by, or affiliated with Infosys.

22. In approximately December 2012, Defendant launched a new website at www.infosystechnologyinc.com offering and promoting its services under the INFOSYS TECHNOLOGY mark and name. True and correct copies of printouts from Defendant's website dated January 7, 2013 are attached as Exhibit D.

23. Defendant promotes that it has facilities in India, yet another effort to assume the identity of India-based Infosys.

24. Defendant also advertises and promotes its business activities under the INFOSYS TECHNOLOGY mark and name on Facebook and LinkedIn. True and correct copies of printouts from Defendant's Facebook and LinkedIn web pages dated January 7, 2013 are attached as Exhibits E and F.

25. Defendant's INFOSYS TECHNOLOGY mark and name misappropriates Plaintiff's well-known and distinctive INFOSYS mark in its entirety, and is identical in commercial impression to Plaintiff's previously used company name INFOSYS TECHNOLOGIES LIMITED.

26. Defendant's use of the INFOSYS TECHNOLOGY mark and name is highly likely to cause and has caused actual confusion and mistake in the marketplace. Defendant's infringing trademark and name misappropriates the tremendous goodwill Plaintiff enjoys and Defendant has unlawfully and unfairly assumed Plaintiff's identity.

6

**INJURY TO INFOSYS AND THE PUBLIC**

27.     Defendant's actions described above are likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products and services, and are likely to falsely suggest a sponsorship, connection, license, or association between Defendant, its products and services, and/or its commercial activities with Infosys, its products and services, and/or commercial activities.  Defendant's use of the INFOSYS TECHNOLOGY name and mark to solicit and conduct business has injured and, unless enjoined by this Court, will continue to injure Infosys, its mark and trade name INFOSYS, the goodwill associated with its mark and name, and Infosys' hard-earned reputation.

28.     Defendant's actions described above have damaged and, if permitted to continue, will further damage Infosys, the INFOSYS mark and name, and Infosys' reputation and goodwill associated with its mark and name, and the public interest in being free from confusion.

29.     Defendant's actions described above have irreparably harmed and, if not enjoined, will continue to irreparably harm Infosys and the INFOSYS trademark.

30.     Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement**
**Under Section 32 of the Lanham Act, 15 U.S.C. §1114**

31.     Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 30 of this Complaint.

32.     Defendant's use in commerce of the mark and name INFOSYS TECHNOLOGY as described above in connection with the sale, offering for sale, and advertising of Defendant's goods and services has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. The actions of Defendant described above have at all times relevant to this action been willful and knowing.

34. As a direct and proximate result of the actions of Defendant alleged above, Infosys has been damaged and will continue to be damaged.

### SECOND CLAIM FOR RELIEF
### Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

35. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 34 of this Complaint.

36. Defendant's use of the mark and name INFOSYS TECHNOLOGY as described above in connection with the sale, offering for sale, and advertising of Defendant's goods and services has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products and services, and/or its commercial activities by or with Infosys, its products and services, and/or commercial activities, and thus constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37. The actions of Defendant described above have at all times relevant to this action been willful and knowing.

38. As a direct and proximate result of the actions of Defendant alleged above, Infosys has been damaged and will continue to be damaged.

### THIRD CLAIM FOR RELIEF
### Cybersquatting
### Under Section 43(d) of The Lanham Act, 15 U.S.C. § 1125(d)

39. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 38 of this Complaint.

40. Defendant's actions described above, occurring after the INFOSYS mark became distinctive, constitute a bad faith attempt to profit from the INFOSYS mark by use and registration of a confusingly similar domain name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

41. The actions of Defendant described above have at all times relevant to this action been willful and knowing.

42. As a direct and proximate result of the actions of Defendant alleged above, Infosys has been damaged and will continue to be damaged.

### FOURTH CLAIM FOR RELIEF
### Violation of the New York Deceptive Trade Practices Statute
### Under N.Y. Gen. Bus. Law § 349

43. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 42 of this Complaint.

44. Defendant's actions as described above constitute deceptive acts or practices in the conduct of a business, trade, and commerce, and in furnishing of a service in New York, in violation of N.Y. Gen. Bus. Law § 349.

45. The actions of Defendant described above have at all times relevant to this action been willful and knowing.

46. As a direct and proximate result of the actions of Defendant alleged above, Infosys has been damaged and will continue to be damaged.

### FIFTH CLAIM FOR RELIEF
### Violation of the New York False Advertising Statute
### Under N.Y. Gen. Bus. Law § 350

47. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 46 of this Complaint.

48. Defendant's actions as described above constitute false advertising of their business in a manner that is misleading in a material respect, in violation of N.Y. Gen. Bus. Law §§ 350(a)-(e).

49. The actions of Defendant described above have at all times relevant to this action been willful and knowing.

50. As a direct and proximate result of the actions of Defendant alleged above, Infosys has been damaged and will continue to be damaged.

### SIXTH CLAIM FOR RELIEF
### Common Law Unfair Competition

51. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 50 of this Complaint.

52. Defendant's actions described above create the impression in the mind of the public that Infosys is responsible for the quality and performance of Defendant's services or is otherwise connected or associated with Defendant, and thus constitute common law trademark and trade name infringement in violation of Infosys' rights under the common law of the State of New York.

53. The actions of Defendant described above have at all times relevant to this action been willful and knowing.

54. As a direct and proximate result of the actions of Defendant alleged above, Infosys has been damaged and will continue to be damaged.

### PRAYER FOR RELIEF

A. An Order declaring that Defendant's unauthorized use of the mark and name INFOSYS TECHNOLOGY as described above infringes Infosys' trademark and trade name rights and that Defendant's actions constitute federal, state, and/or common law trademark and

trade name infringement, unfair competition, cybersquatting, false advertising, and deceptive trade practices.

    B.    A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

        1.    From using the mark and name INFOSYS TECHNOLOGY, INFOSYS, and the infosystechnologyinc.com domain name, any variations of those marks and names, and any other marks or names that are confusingly similar to the INFOSYS mark including, but not limited to use as, or as part of a trademark, service mark, logo, tagline, slogan, trade name, corporate name, business name, e-mail address, domain name, URL, screen name, social media name, metatag, or other name, mark, or identifier;

        2.    From representing by any means whatsoever, directly or indirectly, that Defendant, any products and services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Infosys or otherwise associated, approved, sponsored, or connected in any way with Infosys.

    C.    An Order directing the transfer to Infosys of the domain name infosystechnologyinc.com and any other domain names owned or controlled by Defendant that contain INFOSYS or any variations thereof.

    D.    An Order requiring Defendant to pay Infosys actual damages in an amount as yet undetermined caused by the foregoing acts of infringement and unfair competition, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

E.   An Order requiring Defendant to account for and pay to Infosys any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws.

F.   An Order requiring Defendant to pay statutory damages in the amount of $100,000 for its registration and use of the domain name infosystechnologyinc.com in accordance with 15 U.S.C. § 1117.

G.   An Order requiring Defendant to pay Infosys the costs of bringing this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1117 and 1120 and other applicable laws.

H.   An Order requiring Defendant to pay all available damages pursuant to N.Y. Gen. Bus. Law §§ 349-350.

I.   Such other relief as the Court may deem appropriate.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Infosys requests a trial by jury of all issues so triable by a jury in this action.

Dated: January 9, 2013

Respectfully submitted,

/s/ Laurence Hefter
Laurence R. Hefter (LH 9407)
Mark Sommers
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400


Jonathan M. Gelchinsky
Laura K. Johnson
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
Two Seaport Lane
Boston, MA 02210-2001
Telephone: (617) 646-1600
Facsimile: (617) 646-1666


*Attorneys for Plaintiff*
INFOSYS LIMITED